

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2007

# USA v. Kent

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4802

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Kent" (2007). *2007 Decisions.* Paper 1287.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1287

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-160**                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 06-4802 & 06-4952
_____

UNITED STATES OF AMERICA

v.

JAMES KENT, Appellant

&

JAMES KENT, Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 02-cr-00065-2 & Civ. No. 06-civ-04764)
District Judge: Honorable Harvey Bartle, III
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2007

Before:   BARRY, AMBRO AND FISHER, <u>Circuit Judges</u>

(Filed: April 16, 2007)
_____

OPINION
_____

PER CURIAM

James Kent appeals from an order denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He also filed a motion for bail. Because we conclude that Kent's appeal presents no substantial question, we will summarily affirm and will deny his bail motions.

In 2002, Kent was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 112 months imprisonment and three years of supervised release. This Court affirmed the conviction on appeal. See United States v. Kent, 86 F. Appx. 512 (3d Cir. 2004)(not precedential).

In December 2004, Kent filed a motion to vacate, set aside or correct this sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion on the merits and this Court denied a certificate of appealability in May 2005. Subsequently, this Court denied Kent's application to file a second or successive § 2255 motion on October 16, 2006.

Next, Kent filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. First, Kent argued that his waiver of rights under the Interstate Agreement on Detainers was unconstitutional. Second, Kent argued that the District Court lacked jurisdiction to impose the sentence. The District Court denied the petition after determining that Kent was attempting to circumvent the gatekeeping requirements of § 2255. Kent filed a timely notice of appeal.

A federal prisoner's challenge to the legality of his sentence and conviction

2

must be raised in a § 2255 motion, except where the remedy under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication on his wrongful detention claim." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)(citations omitted). Section 2255 is ineffective or inadequate where a petitioner is in the unusual position of having "no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)(citation omitted). However, Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or the petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion. See Okereke, 307 F.3d at 120 (citation omitted).

Kent's claims fall within the purview of § 2255 and Kent has not demonstrated that § 2255 is inadequate or ineffective. Kent's claims could have been presented in a § 2255 motion, and raising them in a § 2241 petition amounts to nothing more than an attempt to circumvent the gatekeeping provisions of § 2255. Therefore, we will affirm. Kent's motions for bail are denied.